IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


NEILA DIANE GATEWOOD,

           Plaintiff,

vs.                                Case No. 13-1339-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

           Defendant.


MEMORANDUM AND ORDER

    On December 29, 2014, plaintiff filed an application for attorney fees under the Equal Access to Justice Act (EAJA) (Doc. 27).  Defendant has filed a response (Doc. 28); no reply brief was filed.

    On September 30, 2014, the court issued an order remanding the case for further hearing pursuant to sentence six for further proceedings (Doc. 26 at 15).  Defendant argues that because this is a sentence six remand, the motion for EAJA fees is premature (Doc. 28).

    The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  Estate of Smith v. O'Halloran, 930 F.2d 1496,

1

1501 (10th Cir.1991).  Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit."  Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

In a sentence six remand, the plaintiff is not a "prevailing party."  Therefore, the court does not have jurisdiction to consider the EAJA fee application at this time. Hartter v. Apfel, 1998 WL 208871 at *2-5 (10th Cir. April 29, 1998).

IT IS THEREFORE ORDERED that plaintiff's motion for EAJA attorney fees is denied without prejudice because it has been prematurely filed.

Dated this 11th day of February 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

2